## John Ruble v. The People of the State of Illinois.

1. ASSAULT WITH DEADLY WEAPON—*Considerable Provocation a Question of Fact.*—Whether an assault with a deadly weapon made with an intent to inflict upon the person of another a bodily injury, was without considerable provocation, is a question of fact for the jury under all the evidence. The law does not define provocation or the degree thereof which shall be deemed considerable; whatever would conduce to arouse anger is proper to be proved, and it is an invasion of the province of the jury to declare to them that words can not be considered.

**Indictment,** for assault with deadly weapon. Error to the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed November 25, 1896.

WM. A. CRAWLEY and RICHARD YATES, attorneys for plaintiff in error.

FELIX D. McAVOY, attorney for defendant in error.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The plaintiff in error was placed upon trial on an indictment which charged he had made an assault upon one George Wackerle with intent to kill and murder said Wackerle.

The jury found the plaintiff in error guilty of making an assault upon the prosecuting witness and with a deadly weapon, but found the intent was not to take the life of the prosecuting witness, but only to do him a bodily injury, and that there was no considerable provocation for the assault.

The offense of which the plaintiff in error was thus convicted is statutory.

The design of the statute is to punish aggravated cases of assaults, wherein, without any considerable provocation, a deadly weapon is used, not with intent to take human life, but only to inflict bodily injury.

The assault in the case at bar was with a deadly weapon, but, as the jury determined the plaintiff in error had no design to take the life of the prosecuting witness, it became of first importance to ascertain whether he used the deadly weapon " without any considerable provocation."

That was a question of fact, not of law.

The law does not define provocation, or the degree thereof which should be deemed considerable.

It was a question for the jury under the evidence.

The court, however, instructed the jury in effect that " even very abusive and insulting language, or words calculated to arouse anger " did not constitute a justifiable excuse or justification for the defendant.

Herein, as we conceive, the court erred.

The effect of the instruction was to lead the jury to understand that words could not be considered by them in arriving at a conclusion whether the plaintiff in error fired the pistol under the influence of a considerable provocation.

Mere words do not justify or excuse an assault or assault and battery, but it is sought to convict the defendant of neither of these offenses, but of a statutory offense of which he could not, by the very terms of the statute, be guilty, unless he committed the assault without any considerable provocation.

The word provocation has no meaning in law different from that of popular acceptation.   It is defined by Webster as the " state of being provoked; vexation; anger."

Whatever would conduce to arouse anger was proper to be proved, and it is an invasion of the province of the jury to declare to them as a rule of law that words, however exasperating, can not be considered in determining whether a defendant had acted under the influence of rage and passion so provoked.

Words do excite the passions and arouse anger and rage, and while they are not sufficient in law to justify an assault or an assault and battery, yet they are proper for consideration in connection with the conduct of the prosecutor when, as here, it is to be determined whether the defendant is

guilty under the statute of acting without considerable provocation.

The evidence disclosed the prosecuting witness, while greatly intoxicated, sought the plaintiff in error for the purpose of forcing a personal encounter, and in the presence of a number of persons applied to him profane and highly insulting epithets, made vicious threats, invited him to fight, assumed a hostile attitude and brought on the affray in which the shot was fired.

The cause of the plaintiff in error was prejudiced by the instruction mentioned, and under the evidence found in this record we think the error such as to demand his case should be submitted to another jury for trial.

The judgment must be and is reversed and the cause remanded.